IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-271-M-KS

| | |
|---|---|
| CARLITA MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM &** |
| v. ) | **RECOMMENDATION** |
| ) | |
| JOHNSTON COUNTY PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on an application to proceed in forma pauperis filed by Carlita McGee [DE #2], the matter having been referred to the undersigned by the Honorable Richard E. Myers II, Chief United States District Judge. For the reasons stated below, it is recommended that Plaintiff's application to proceed in forma pauperis be denied.

## DISCUSSION

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiff has not demonstrated that having to pay the required filing fee would deprive her of the necessities of life. *See Adkins*, 335 U.S. at 339. Plaintiff reports more than $6,500 average monthly income over the last twelve months and average monthly expenses of $2,898. (IFP Appl. [DE #2] at 1–5.) Plaintiff also reports monetary funds sufficient to cover the required filing fee. (*Id.* at 2.) Based on this

information, which Plaintiff provided under penalty of perjury, Plaintiff would not be deprived of the necessities of life were she required to pay the filing fee. Accordingly, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis be DENIED and that Plaintiff be given time to pay the filing fee.

<u>CONCLUSION</u>

For the reasons stated above, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis [DE #2] be DENIED and that the clerk be directed to close this case unless Plaintiff pays the requisite filing fee by **June 8, 2026**.

IT IS DIRECTED that a copy of this Memorandum & Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **May 21, 2026**, to file written objections to this Memorandum & Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum & Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum & Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

If you do not file written objections to the Memorandum & Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum & Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the

Memorandum & Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 4th day of May 2026.

KIMBERLY A. SWANK
United States Magistrate Judge