IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:26-CV-00271-M-KS

| | |
|---|---|
| CARLITA MCGEE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSTON COUNTY PUBLIC<br>SCHOOLS,<br><br>    Defendant. | ORDER |

This matter comes before the court on the Memorandum and Recommendation ("M&R") prepared by United States Magistrate Judge Kimberly A. Swank. DE 5. Plaintiff brings suit under the Americans with Disabilities Act ("ADA") against Johnston County Public Schools to seek damages in the amount of $150,000. DE 1-1 at 3. Additionally, Plaintiff has not paid a filing fee and seeks the court's leave to proceed *in forma pauperis* ("IFP"). DE 2. The court referred Plaintiff's Motion to Proceed IFP to Judge Swank pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) to prepare a pending M&R. Judge Swank recommends denying Plaintiff's Motion and dismissing Plaintiff's complaint. DE 5 at 2. Plaintiff filed a timely objection to the M&R. DE 6.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

"[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. A litigant is "unable to pay such fees," *id.*, when the litigant "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life," *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Applying that standard, and having reviewed Plaintiff's affidavit, Judge Swank recommends denying Plaintiff's Motion because "Plaintiff reports more than $6,500 average monthly income over the last twelve months[,] average monthly expenses of $2,898 . . . [, and] monetary funds sufficient to cover the required filing fee." DE 5 at 1; *see* DE 2 at 1–5. Plaintiff objects to that recommendation, thematically arguing that the M&R overly relies on Plaintiff's affidavit–which fails to capture the complexities of Plaintiff's financial situation–and insufficiently credits the difficulty that having to pay a filing fee will cause. *See* DE 6.

Accordingly, the court will make a *de novo* determination of Plaintiff's Motion to Proceed IFP. As explained above, such a motion should be granted if the movant "cannot . . . pay . . . and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (1948). Plaintiff's affidavit indicates that, over the last twelve months, Plaintiff received an average income of $6,543.40. DE 2 at 2. According to the affidavit, Plaintiff has $2,208.78 in a checking account, owns a home valued at $168,000.00, and expects to receive a monthly income of at least $645. DE 2 at 1–3. Plaintiff's assets and income, based on the incomplete affidavit, are

2

balanced against an expected monthly expense of $2,898.00. DE 2 at 5. Plaintiff's Objection adds further gradation to the picture of her financial situation; Plaintiff explains that she "is the sole provider for her household," which includes "dependent children," and Plaintiff reminds the court that she has not worked since "October 2025," allegedly "due to [the] work-related injury" underlying Plaintiff's claims in this matter. DE 6 at 1. All of that is to say Plaintiff certainly faces a difficult financial situation. However, nothing in Plaintiff's affidavit or objection indicates that paying the filing fee in this matter will prevent Plaintiff from providing herself and her children with the necessities of life.

In addition, the court notes that, even if Plaintiff's Motion were granted, Plaintiff's claim would likely be dismissed on the subsequent frivolity because it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Although Plaintiff alleges liability under the ADA, she has not pled any of the necessary elements to state such a claim. To make her *prime facia* case under the ADA, Plaintiff must forecast (1) that she had a disability within the meaning of the ADA; (2) that the Defendants had notice of this disability; (3) that with reasonable accommodation she could perform the essential functions of her position and (4) that the Defendants failed to make such accommodation. *Crabill v. Charlotte Mecklenburg Bd. of Educ.,* 423 Fed.Appx. 314, 322 (4th Cir.2011) (citing *Rhoads v. F.D.I.C.,* 257 F.3d 373, 387 n. 11 (4th Cir.2001), *cert. denied* 535 U.S. 933, 122 S.Ct. 1309, 152 L.Ed.2d 219 (2002)). Relevant here, the ADA defines disability to include "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A).

Regarding her disability, Plaintiff solely alleges that she "sustained a work-related slip-and-fall injury . . . [to] her head, back, neck and tailbone," which caused her to experience "ongoing medical limitations." DE 1-2. However, that description does not sufficiently, or indeed with any

3

specificity, identify an impairment or the major life activities which it limits. Accordingly, Plaintiff's limited pleadings are an inadequate forecast regarding the ADA's applicability to her injury. *See, e.g., Bostedo v. Cherokee Cnty. Sch. Dist.*, No. 7:23-CV-01047-DCC-KFM, 2023 WL 11921668, at *3 (D.S.C. Apr. 10, 2023) ("[P]laintiff's vague and nonspecific allegations that she had a genetic disease causing disabilities appears inadequate to allege that she is a qualified individual under the ADA.").

Thus, Plaintiff's objections to the M&R are OVERRULED. DE 6. Plaintiff's Motion to Proceed *In Forma Pauperis* is DENIED. DE 2. Consistent with Judge Swank's direction, the Clerk of the Court is directed to close this case unless Plaintiff pays the requisite filing fee by June 8, 2026.

SO ORDERED this _29th_ day of May, 2026.

_Richard E. Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4